IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-399-BO-KS

| | |
|---|---|
| KRISTOPHER ORION PARKS, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>A. BENNETT and HARNETT )<br>COUNTY SHERIFF'S OFFICE, )<br>Defendants. ) | O R D E R |

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Kimberly A. Swank. [DE 9]. Plaintiff has filed objections [DE 10; DE 11], and the matter is ripe for ruling. For the reasons that follow, the recommendation of the magistrate judge is adopted and the complaint is dismissed.

## BACKGROUND

In his amended complaint, plaintiff, who proceeds *pro se*, alleges a claim for malicious prosecution pursuant to 42 U.S.C. § 1983 arising from his arrest on June 8, 2019. Two charges of assault by pointing a gun against plaintiff were voluntarily dismissed on September 20, 2024.

Magistrate Judge Swank recommends dismissal of plaintiff's complaint because plaintiff's allegations fail to support a malicious prosecution claim, because the Harnett County Sheriff's Office is not an entity capable of being sued, and because plaintiff's allegations fail to support a claim under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff objects to the dismissal of his malicious prosecution claim. Plaintiff argues that he drew his firearm in defense to a threat upon his life, and that his arrest was based on allegations that defendant Bennett did not witness. Plaintiff further argues that the Second Amendment to the

United States Constitution cannot be overridden by North Carolina law and that he was only acting in self-defense.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

A claim for malicious prosecution under § 1983 is properly examined as an unreasonable seizure claim founded on the Fourth Amendment. *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017); *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000). A plaintiff must show that he was seized by the defendant, that such seizure was not supported by probable cause, and that the criminal proceedings terminated in his favor in order to succeed on a § 1983 malicious prosecution claim. *Humbert*, 866 F.3d at 555. Probable cause is a result of a practical, common-sense consideration of all of the circumstances. *Illinois v. Gates*, 462 U.S. 213,

2

230 (1983); *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). Probable cause "requires more than a bare suspicion" but less than evidence sufficient to convict. *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998).

As noted above, plaintiff argues that his allegations support that he was arrested without probable cause because he told Officer Bennett that he was acting in self-defense. Plaintiff was arrested on two charges of assault by pointing a gun in violation of N.C. Gen. Stat. § 14-34. *See North Carolina v. Parks*, No. 19-CR-52085-420 (Harnett Cnty. District Ct. Sept. 20, 2024). In his amended complaint, plaintiff alleges that he pointed a pistol at two people and began to squeeze the trigger in order to shoot them. "The mere existence of some evidence that could suggest self-defense does not negate probable cause." *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015); *see also Bonnell v. Beach*, 401 F. Supp. 3d 663, 676 n.8 (E.D. Va. 2019); *Brown v. Lott*, No. 21-6928, 2022 U.S. App. LEXIS 16022, at *5 (4th Cir. June 10, 2022) ("investigating officers were not required to resolve legal matters in dispute, understand the nuances of any possible defense, or answer them in order to decide whether there was probable cause.") (quotation and citation omitted). Plaintiff's Second Amendment argument is not relevant to whether the complaint reveals that probable cause for arrest was present and is inapposite. Plaintiff's objections are overruled.

Plaintiff does not object to the remaining recommendation, that the claim against the Harnett County Sheriff's Office be dismissed, and the Court thus reviews the recommendation for clear error. Finding none, the recommendation is adopted.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objections to the memorandum and recommendation are OVERRULED. The memorandum and recommendation [DE 9] is

3

ADOPTED in its entirety. Plaintiff's amended complaint is hereby DISMISSED. The Clerk is directed to close the case.

SO ORDERED, this 3 day of April 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE